# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DARWIN STAGNER,**
                **Plaintiff,**

**-vs-**                                             **Case No. 6:08-cv-631-Orl-22KRS**

**BROADBAND TECHNOLOGIES, INC.,**
                **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 24)**
>
> **FILED:** January 9, 2009
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought by Plaintiff Darwin Stagner as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Stagner was the only employee to opt-in to the case, and the case was never certified as a collective action. Stagner and Broadband Technologies, Inc. seek this Court's approval of their settlement.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

In response to the Court's Interrogatories, Stagner averred that he was owed unpaid overtime of $2,301.60, plus an equal amount of liquidated damages. Doc. No. 20. Pursuant to the settlement agreement, Stagner will receive $500.00 and his attorney will receive $1,000.00 for fees and costs.[1] Doc. No. 24. Counsel represent that there were disputed issues regarding Stagner's status as an independent contractor, the number of hours worked by Stagner, and whether liquidated damages were appropriate. Given these disputes and the general state of the economy, Stagner opted not to litigate and to accept the settlement.

Stagner's counsel represents[2] that Stagner will receive the full $500.00 under the fee agreement with counsel. Doc. No. 26. Based on these representations, I conclude that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354. I further find that counsel has been adequately compensated and that there is no evidence that the compromise of Stagner's claim was tainted by a conflict of interest. *See Silva v. Miller*, No. 08-12011, 2009 WL 73164, at *2 (11th Cir., Jan. 13, 2009).[3]

Although the title of the motion requests approval of a final stipulated judgment, no judgment has been submitted to the Court and the body of the motion does not request entry of judgment.

Accordingly, I respectfully recommend that the Court do the following:

1. **DISMISS** the collective action allegations in the complaint;

---

[1] I note that of the $1,000.00 to be paid, the filing fee alone comprises $350.00.

[2] Although counsel's response states that it is "verified," it was not signed under penalty of perjury, *see* 28 U.S.C. § 1746, or attested to by a notary.

[3] Although the mandate has not yet issued in the *Silva* case, and the unpublished opinion is not binding on the Court, *see* 11th Cir. R. 36-2, the Court finds the opinion to be persuasive authority.

2. **FIND** that the amount received by Plaintiff Stagner is a fair and reasonable resolution of a bona fide dispute over FLSA provisions;

3. **DISMISS** the case as to Plaintiff Stagner with prejudice without reserving jurisdiction to enforce the settlement agreement; and,

4. **DIRECT** the Clerk of Court to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 20, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy